WOOD, J.
The contract must be construed according to the intention of the parties, which is to be gathered from the whole instrument. There is nothing technical in it. The case cited in the 1 O. 340, does not confine us to sustain the construction contended for by the defendants. The case in 5 O. 492, and in 10 *487 John. 205, sustains us in saying, that “ the good sense and meaning of the contract” will determine whether the covenants are ■dependent or independent, and where the terms of the contract provided that a certain part of the consideration shall he paid on the completion of a certain part of the service, the payment for that part of the service is pro tanto a condition precedent, not the performance of the whole. Mechanics may need advances from time ■to time to enable them to proceed with their work — the interest of both is promoted by payments as the work progresses — the employer is secured by the work actually done, and the portion of ■compensation retained until the whole is finished. It is the duty of ■courts so to construe contracts as to give effect to the intentions of •‘‘‘the contracting parties, provided they are lawful. In this [475 case, we think the true construction of the contract is to pay the ■amount of this work at the stipulated price, on or before the completion of the work, in instalments, as the work progresses, as the •engineers estimate the work for the original contracto)-, and that ■upon the payment of the instalments on the estimates, depends the Tight of the employers to enforce the performance of the entire work. The plaintiff, therefore, on showing that he has performed a rateable proportion of the work, the estimate of the engineer, the notice and the refusal by the defendants to pay, may recover for the work done, and abandon.
After this opinion the case was settled.